FILED
JAMES BONINI
CLERK

William H. Blessing (#0006848)

07 AUG 21 PM 2: 25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. MOODY<br><br>On behalf of himself and on<br>behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE TURNER CORPORATION,<br><br>and<br><br>EMPLOYEES' CASH BALANCE<br>RETIREMENT PLAN OF<br>THE TURNER CORPORATION<br><br>Defendants. | : | No. 1:07 CV 692<br><br>J. HOGAN<br><br>CLASS ACTION COMPLAINT  L BECKWITH |

### Nature of Action

1. This is a class action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

### Subject Matter Jurisdiction

2. This Court has subject matter jurisdiction over this action by virtue of 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this action is brought under ERISA § 502(a), 29 U.S.C. § 1132(a).

## Personal Jurisdiction and Venue

3. This Court has personal jurisdiction over Defendants (defined below) because they transact business in, and have significant contacts with this District, and because ERISA provides for nationwide service of process. *See* ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

4. Under ERISA § 502(e), 29 U.S.C. § 1132(e), an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." Venue here is proper for both Defendants on three of the four bases provided by the statute.

5. First, this is the District where the alleged breaches occurred. Where a participant claims that a violation of ERISA resulted in a failure to pay a benefit due under an ERISA plan, the alleged breach is deemed to have occurred in the place where the participant received or should have received his or her plan benefits. It was in this District, where Plaintiff currently resides and resided at the relevant time, that the Plan benefits at issue here should have been paid to him.

6. Second, the Plan and the Company "may be found" in this District in either a general or specific personal jurisdiction sense.

7. There is general personal jurisdiction over the Plan because hundreds of residents of this District, as employees of the Company, are currently accruing benefits under the Plan in this District, or, as former employees of the Company, are currently receiving benefits from the Plan in the District. In addition, the Plan comes into this District on a continuous basis to communicate with these District residents regarding their benefits, including through a highly-interactive Plan internet website.

2

8. There is general personal jurisdiction over the Company because it has continuous and systematic contacts with this District through its employment of hundreds of District residents, ownership of property in the District, and operation of numerous offices and construction project in this District.

9. There is specific personal jurisdiction over both Defendants insofar as this action arises out of the failures to pay Plaintiff and other proposed Class members residing in this District pension benefits that should have been paid in this District.

10. Third, each Defendant "resides" here within the meaning of ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**The Parties**

11. Plaintiff Charles E. Moody, a resident of Dublin, Ohio, is a former employee of the Company or one or more of its affiliates or former affiliates participated in the Plan during his period of employment with the Company. Mr. Moody remains a participant, as defined in ERISA § 3(7), 29 U.S.C. §1002(7), in the Plan because although he received benefits from the Plan, the Plan owes him additional benefits that it has not yet paid him, as set forth herein.

12. Defendant The Turner Corporation ("Turner" or the "Company"), a domestic corporation, is the sponsor of the Plan, the Plan's administrator and a named fiduciary of the Plan, within the meaning of ERISA §§ 3(16)(A)-(B), 402(a), 29 U.S.C. §§ 1002(16)(A)-(B), 1102(a).

13. Defendant Employees' Cash Balance Retirement Plan of the Turner Corporation (EIN: 13-3209884 - Plan No.: 001) (the "Plan") is and was at all relevant times an "employee pension benefit plan," and more specifically a "defined benefit plan,"

3

within the meaning of ERISA §§ 3(2)(A) and 3(35), 29 U.S.C. §§ 1002(2)(A) and 1002(35).

## Facts

14. Plaintiff Moody was employed by the Company or one of its affiliates from 1998 until 2005.

15. Throughout that time, Plaintiff accrued pension benefits under the Plan, a defined benefit plan of the "cash balance" variety, in which a hypothetical account was established for him.

16. Under the terms of the Plan, Plaintiff accrued "pay credits" based on a percentage of his pensionable compensation and "earnings credits" in an amount, determined annually, equal to the Plan's long-term investments every year with a minimum guaranteed return of 4.5%. (The Plan was frozen as to new pay credits effective January 1, 2004).

17. Under the Plan, participants' right to receive future interest credits on their account balances through normal retirement age (age 65) accrued at the same time as the corresponding pay credits to which the interest credits relate. In technical terms, the Plan was, as a result, a "frontloaded" interest crediting plan within the meaning of the law. *See, e.g.,* IRS Notice 96-8, 1996-1 C.B. 359-61.

18. After terminating employment, Plaintiff Moody elected to receive his fully-vested Plan benefits in the form of a lump sum distribution in 2005. Plaintiff was age 55 at the time.

19. The Plan calculated and paid Plaintiff Moody a benefit according to the terms of the Plan that was not the actuarial equivalent of the amount he would have

4

received had he left his money in the Plan until age 65. Had the Plan performed the required "whipsaw" calculation by projecting Plaintiff's hypothetical account balance to normal retirement age at a rate that did not understate the value of the interest credits he previously earned, *see, e.g., West v. AK Steel Corp.*, 484 F.3d 395 (6th Cir. 2007), Plaintiff's benefits expressed in the form of a lump sum would have exceeded the lump sum amount that he received.

### Exhaustion of the Plan's Claims Process Was Not Required

20. Plaintiff did not exhaust the administrative remedies provided under the terms of the Plan prior to initiating this lawsuit because exhaustion of the Plan's internal claims process was not required and/or should be excused in this case, even assuming the Plan had or has an ERISA-compliant claims process.

21. First, the exhaustion requirement does not apply because the claims Plaintiff raises are statutory claims involving the interpretation of ERISA, not purely plan-based benefit claims involving an interpretation of the Plan. Congress intended that statutory questions of this nature be adjudicated by Article III judges, not employers acting as plan administrators.

22. Second, even if the exhaustion requirement is not categorically inapplicable here, it should be excused as futile. Here, as in *West v. AK Steel Corp.*, 484 F.3d 395 (6th Cir. 2007), "a lump-sum distribution is described [under the plan] as a payment equal to the participant's account balance. Had [the plaintiff] submitted a timely claim for the recalculation of his lump-sum benefit, the [plan sponsor] would simply have responded, as it has argued in this appeal, that [the plaintiff] has already received an amount equal to his account balances, which is all that he is entitled to under [the plan

5

sponsor's] interpretation of its Plan." *Id.* at 405.

23. Futility is also demonstrated by the fact that the legal standard Defendants violated is clear and was well-established long ago – and was confirmed by the IRS as long ago as 1991, *see* "Nondiscrimination Requirements for Qualified Plans," 56 Fed.Reg. 47524, 47528 (1991), years before the Plan's illegal methodology for computing lump sums was adopted and put into effect (in 1994). In the intervening 15 years, numerous Courts of Appeals and District Courts have confirmed these requirements. *See, e.g., West, supra; Lyons v. Georgia-Pacific Corp.,* 221 F.3d 1235, 1237-38 (11th Cir. 2000); *Esden v. Bank of Boston,* 229 F.3d 154, 164-173 (2d Cir. 2000); *Berger v. Xerox Corp. Ret. Income Guar. Plan,* 338 F.3d 755, 758 (7th Cir. 2003). Yet Defendants have failed to conform the Plan or their conduct under it to the requirements of the law, evidencing their belief that the law does not apply to them.

27. Third, exhaustion was not required for the separate but related reason that the Plan's internal claims process is not designed to address and is not capable of addressing alleged statutory violations.

28. Finally, exhaustion should be excused because it would serve few if any of the recognized purposes of the exhaustion requirement, as Plaintiff will demonstrate should Defendants nevertheless seek to compel exhaustion.

## Claim for Relief

29. Plaintiff repeats and re-alleges the allegations contained in all foregoing paragraphs herein.

30. ERISA §§ 203(e) and 205(g), 29 U.S.C. §§ 1053(e) and 1055(g), and Internal Revenue Code § 417(e), as implemented by Treasury Regulation § 1.417(e)-l(d),

6

requires any optional form of benefit paid from a defined benefit plan, including a lump sum distribution, to be no less than the present value of the participant's accrued benefit expressed as an annuity commencing at normal retirement age (under the Plan, age 65).

31. The Plan paid Plaintiff a lump sum benefit that was less than the present value of his accrued benefit in violation of ERISA §§ 203(e) and 205(g), and IRC § 417(e), as implemented by Treasury Regulation § 1.417(e)-l(d).

32. The Plan's conduct as described above also resulted in an impermissible forfeiture of benefits prohibited by ERISA § 203(a) and Internal Revenue Code § 411(a), as implemented by Treasury Regulation § 1.411(a)-4 and 4T, in that the Plan conditioned the right to receive future interest credits on Plaintiff not taking a distribution prior to normal retirement age.

## Class Action Allegations

33. Plaintiff brings suit on behalf of themselves and on behalf of all other participants and beneficiaries similarly situated under the provisions of Rule 23 of the Federal Rules of Civil Procedure with respect to violations alleged herein.

34. The proposed Class is defined as follows:

> All persons who were vested participants in the Employees' Cash Balance Retirement Plan of the Turner Corporation who received a distribution in the form of a lump sum prior to August 17, 2006 that equaled the amount of their hypothetical account balance; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order.

35. The requirements for maintaining this action as a class action under Fed. R. Civ. P. 23(a)(1) are satisfied in that there are too many Class members for joinder of all of them to be practicable. There are at least hundreds of members of the proposed Class dispersed among many states.

7

36. The claims of the Class members raise numerous common questions of fact and law, thereby satisfying the requirements of Fed. R. Civ. P. 23(a)(2). All issues concerning liability are common to all Class members because such issues concern their entitlement to benefits calculated in a manner other than that calculated thus far and their entitlement to relief from harm caused by the violations of law, rather than any action taken by Plaintiff or any Class member. In addition, all issues concerning relief are also common to the Class.

37. The computation of a participant's lump sum distribution and the amount of lump sum distributions is standardized in that the amount of the lump sum distribution for each member of the Class was calculated in the same manner as described above. Thus, there exist common questions of fact as to each member of the Class. Each Class member's rights will be determined by reference to the same Plan documents and the same provisions of ERISA. Thus, there exist common questions of law as to each Class member, *i.e.*, whether the method of calculating of lump sum distributions violated the law.

38. Plaintiff's claims are typical of the claims of Class members, and therefore satisfy the requirements of Fed. R. Civ. P. 23(a)(3). They do not assert any claims relating to the Plan in addition to or different than those of the Class. Plaintiff's claims are typical of the claims of the Class members in that their respective lump sum distributions were calculated in the same fashion as the rest of the Class, and their rights, as well as those of the Class as a whole, are similarly provided for under the plan document and applicable provisions of ERISA.

39. Plaintiff is an adequate representative of the proposed Class, and therefore

8

satisfies the requirements of Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are identical to those of the proposed Class. The Plan has no unique defenses against them that would interfere with their representation of the class. Plaintiff has engaged competent counsel with both ERISA and class action litigation experience.

40. Additionally, all of the requirements of Fed. R. Civ. P. 23(b)(1) are satisfied in that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for defendants and individual adjudications present a risk of adjudications which, as a practical matter, would be dispositive of the interests of other members who are not parties.

41. All of the requirements of Fed. R. Civ. P. 23(b)(2) also are satisfied in that the Plan's actions affected all Class members in the same manner making appropriate final declaratory and injunctive relief with respect to the Class as a whole.

### Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and that the Court award the following relief:

A. Certification of this action as a class action for all purposes of liability and relief and appointment of undersigned counsel as class counsel pursuant to Fed. R. Civ. P. 23.

B. Judgment for Plaintiff and the Class against Defendants on all claims expressly asserted and/or within the ambit of this Complaint.

C. An order awarding, declaring or otherwise providing Plaintiff and the Class all other such relief to which Plaintiff and the Class are or may be entitled whether or not specified herein.

D. An order awarding pre- and post-judgment interest.

E. An order awarding attorney's fees on the basis of the common fund doctrine (and/or other applicable law, at Plaintiff's election), along with the reimbursement of the expenses incurred in connection with this action.

F. An order awarding, declaring or otherwise providing Plaintiffs all relief under ERISA § 502(a), 29 U.S.C. § 1132(a), or any other applicable law, that Plaintiff may subsequently specify and/or that the Court may deem appropriate.

Dated: August 21, 2007

Respectfully submitted,

*William H. Blessing* (signature)

William H. Blessing (#0006848)
The Blessing Law Firm
119 East Court Street, Suite 500
Cincinnati, Ohio 45202
Telephone: (513) 621-9191
Telecopier: (513) 621-7086

Of Counsel:

Eli Gottesdiener
Gottesdiener Law Firm, PLLC
498 7th Street
Brooklyn, New York 11215
(718) 788-1500

*Counsel for Plaintiffs and the proposed Class*