IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHARLES E. MOODY, TIMOTHY L. TALLENTIRE, and DAVID C. CREPS, On behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE TURNER CORPORATION, *et al.*,<br><br>Defendants. | No. 1:07-cv-692<br><br>Judge Sandra S. Beckwith |

### ORDER PRELIMINARILY APPROVING SETTLEMENT
### AND APPROVING NOTICE TO THE CLASS

WHEREAS, Plaintiffs, Charles E. Moody and Timothy L. Tallentire ("Plaintiffs"), individually and on behalf of the Class they seek to represent, and Defendants The Turner Corporation ("Turner") and The Employees' Cash Balance Retirement Plan of The Turner Corporation ("the Plan") (collectively, "Defendants"), have determined to settle the above-captioned matter (the "Lawsuit") on the terms and conditions set forth in the Class Settlement Agreement dated ___6/29___, 2011 (the "Agreement"), the original of which is filed with the Clerk of the Court (this settlement process hereafter referred to as the "Settlement");

WHEREAS, Plaintiffs have moved, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order, *inter alia*, conditionally certifying for settlement purposes the proposed Class, appointing Plaintiffs' counsel as Class Counsel, and approving the Settlement, including the Plan of Allocation, and providing for Notice to the Class;

WHEREAS, the Court, having read and considered the Agreement and the exhibits thereto, including the proposed (i) Notice to the Class; (ii) the Final Order and Judgment; (iii)

Mailed Notice; (iv) Publication Notice; and (V) notices of settlement pursuant to the Class Action Fairness Act of 2005 ("CAFA") finds that substantial and sufficient grounds exist for entering this Preliminary Approval Order; and

WHEREAS, upon review and consideration of the Settlement, the allegations in Plaintiffs' Complaints, and the memorandum of points and legal authorities submitted in support of the Joint Motion for an Order Preliminarily Approving Settlement and Approving Notice to the Class, the Court has found good cause for entering the following Order.

THEREFORE, IT IS ORDERED THAT:

1. The definitions and terms set forth in the Settlement are hereby adopted and incorporated into this Order.

2. The proposed Class is hereby conditionally certified for settlement purposes under Fed. R. Civ. P. 23(b)(1)(A), 23(b)(1)(B), and 23(b)(2), and Plaintiffs' Counsel is hereby appointed as Class Counsel for settlement purposes under Fed. R. Civ. P. 23(g). The proposed Class consists of:

> (i) all persons identified on the Participant List as having received a lump sum distribution from the Plan at any time on or before August 17, 2006, prior to reaching age 65 ("Listed Participants"); together with
>
> (ii) the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order ("Listed Participant Successors").

3. The proposed Settlement including the proposed Plan of Allocation is hereby preliminarily approved. The Court finds that the proposed Settlement including the proposed Plan of Allocation is fair, reasonable, and adequate; is the product of informed arm's length negotiation by counsel; and contains no obvious deficiencies that would prevent preliminary Court approval. Accordingly, notice thereof should be given to the Class.

4. The Court's preliminary approval of the Settlement shall be subject to further consideration at a hearing to be held before this Court on __/0/18__, 2011 at _2.00 PM_ (the, Rm 822. "Fairness Hearing"). The Court will determine at or following the Fairness Hearing whether the proposed Settlement and Plan of Allocation are fair, reasonable, and adequate and should be finally approved by the Court and the amount of Named Plaintiffs' Case Contribution Payments and the amount of attorney's fees, costs, and expenses that should be awarded to Class Counsel pursuant to Rule 23(h) of the Federal Rules of Civil Procedure. The Court may adjourn and/or reschedule the Fairness Hearing without further notice to the Class other than by announcement at the Fairness Hearing.

5. The Court approves the form and substance of the mailed and publication notice to the Class (collectively "Notice") which are attached to the Agreement as exhibits B and C as well as the CAFA notice forms (attached to the Agreement as exhibit E). The Court finds that the procedures established for Notice by the Agreement are the best practicable and are reasonably calculated, under all the circumstances, to apprise the Class of the pendency of this Lawsuit and the proposed Settlement, afford any Class Member an opportunity to present any objections to the Settlement, and comply in all respects with Rule 23 of the Federal Rules of Civil Procedure and all the requirements of due process.

6. RSM McGladrey, Inc. is hereby appointed as Notice Administrator, and shall be responsible for providing Mailed Notice of the preliminarily approved Settlement in accordance with the provisions of the Agreement and this Order.

A. The Mailed Notice, substantially in the form attached as Exhibit B to the Agreement, shall be printed by Plaintiffs or their delegate and forwarded to the Notice Administrator within ten (10) business days of entry of this Order, each including, to the extent

practicable, the estimated amount of the Individual Settlement Benefit to be paid to each Class Member, and shall be mailed by the Notice Administrator to all Class Members, by first-class mail, postage pre-paid, by no later than thirty (30) days after the entry of this Order or as soon thereafter as is possible. The Mailed Notices shall be sent to all Class Members at their last known addresses, with address updating and verification by the Notice Administrator where reasonably available according to the procedure set forth in the Agreement. Defendants shall provide the Notice Administrator within five (5) business days of entry of this Order the most recent addresses they have for each Class Member. The Notice Administrator will check such addresses against the National Change of Address database. The Notice Administrator shall, at least seven (7) days prior to the Fairness Hearing, file with the Court proof of mailing of the Notices to all Class Members. Prior to the Fairness Hearing, the Notice Administrator shall provide to Defendants an electronic spreadsheet showing, for each Class Member, the information required by the Plan to effectuate payment of the Individual Settlement Benefit to each Class Member. The spreadsheet should include, at a minimum, the name of the Class Member, whether the Class Member elected a Rollover or Direct Payment, the name to which the Class Member's check should be made out (or, in the event of a rollover and trust-to-trust transfer, the name and other identifying information of the institution which will be receiving the Class Member's payment), the address to which the check should be sent, and the amount of the check.

        B.        The Publication Notice, substantially in the form attached as Exhibit C to the Settlement, shall be published in the *USA Today* within thirty (30) days of entry of this Order. Plaintiffs shall, at least seven (7) days prior to the Fairness Hearing, file with the Court proof of such publication.

7.     By no later than seven (7) days prior to the Fairness Hearing, Class Counsel and Defendants' Counsel shall file with the Court any papers in support of final approval of the Settlement. By no later than twenty-eight (28) days prior to the Fairness Hearing, Class Counsel shall file an application for attorney's fees and reimbursement of costs and expenses. Copies of all papers shall be served upon all persons or their counsel who file a valid and timely objection to the Settlement (as described below).

8.     Any Class Member may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent allowed by the Court in opposition to the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, the application for an award of attorney's fees, costs, and expenses to Class Counsel, and the Named Plaintiffs' Case Contribution Payments. Unless such requirement is excused by the Court, no person shall be heard in opposition to the Settlement or the application for an award of attorney's fees, costs, and expenses to Class Counsel or the Named Plaintiffs' Case Contribution Payments unless, on or before fourteen (14) days prior to the Fairness Hearing, such person files with the Clerk of the Court a notice of an intention to appear and provides a written statement that indicates all bases for objection, all documentation in support of the objection, and legal authority, if any, supporting the objection and a list of witnesses the person may call by live testimony. Copies of such notice, statement, and documentation, together with copies of any other papers or briefs filed with the Court, must be simultaneously delivered to Class Counsel and Defendants' Counsel. Any Class Member who does not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Settlement.

9.     The Court reserves the right to adjourn and/or reschedule the Fairness Hearing without further notice of any kind; therefore, any Class Member intending to attend the Fairness

Hearing should (in addition to complying with all instructions and requirements above) confirm the date, time, and location of the Fairness Hearing with Class Counsel.

10. If the Court finally approves the Settlement, all Class Members shall be bound by all the provisions of the Settlement and all determinations and judgments in this Lawsuit, including the Final Order and Judgment dismissing the Lawsuit with prejudice. No Class Member may opt-out of the Settlement.

11. Pending the final determination of whether the Settlement should be approved, all proceedings and discovery in this Lawsuit are stayed, except as specifically provided for in this Order. If the Settlement is terminated, the Settlement is not finally approved by the Court, or the Effective Date does not for any reason occur, the stay of the Lawsuit shall be immediately terminated. The parties shall, as soon thereafter as possible, request a new Scheduling Order from the Court.

12. Pending the final determination of whether the Settlement should be approved, Plaintiffs and each Class Member shall be enjoined from commencing or prosecuting, either directly or indirectly, any action in any other court concerning or relating to any of the Released Claims. Such injunction shall remain in force until such time as Plaintiffs and Defendants notify the Court that the Settlement has been terminated.

13. If the Settlement is finally approved by the Court, the Court shall retain exclusive jurisdiction over Plaintiffs, Defendants, the Class Members, and the Lawsuit, in each case only with respect to matters arising out of, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by Plaintiffs and Defendants, if appropriate, without further notice to the Class Members.

SO ORDERED.

Dated: July, 11, 2011.

_____
Sandra S. Beckwith
Senior United States District Judge