

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHARLES E. MOODY, TIMOTHY L. TALLENTIRE, and DAVID C. CREPS, On behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE TURNER CORPORATION, *et al.*,<br><br>Defendants. | No. 1:07-cv-692<br><br>Judge Sandra S. Beckwith |

## FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT AND DISMISSING THIS ACTION WITH PREJUDICE

This Lawsuit is a class action brought by Plaintiffs Charles E. Moody and Timothy L. Tallentire ("Plaintiffs" or "Named Plaintiffs") individually, and on behalf of the Class they represent, against Defendants The Turner Corporation ("Turner") and The Employees' Cash Balance Retirement Plan of The Turner Corporation ("the Plan") (collectively, "Defendants"). Pursuant to Fed. R. Civ. P. 23(b)(1)(A), 23(b)(1)(B), and 23(b)(2), a mandatory class action was conditionally certified by the Court on July 11, 2011 (Doc. 138), consisting of:

> (i) all persons identified on the Participant List as having received a lump sum distribution from the Plan at any time on or before August 17, 2006, prior to reaching age 65 ("Listed Participants"); together with
>
> (ii) the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order ("Listed Participant Successors")

Plaintiffs, on behalf of themselves and the Class, and Defendants have agreed to settle this class action suit (the "Lawsuit") on the terms and conditions set forth in the Class Settlement Agreement dated June 27, 2011 (the "Agreement") (Doc. 136-1).[1] Currently pending is an

---

[1] Unless otherwise specifically defined herein, capitalized terms used in this Final Order and Judgment

application for final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e), and final certification of the Class and this action as a class action under Fed. R. Civ. P. 23(b)(1)(A), 23(b)(1)(B), and 23(b)(2), and the final appointment of Plaintiffs' counsel as Class Counsel under Fed. R. Civ. P. 23(g).

On July 11, 2011, the Court entered an Order Preliminarily Approving Settlement And Approving Notice To The Class, conditionally certifying the proposed Class and appointing Plaintiffs' counsel as Class Counsel, and directing that Notice be given to the Class Members of the proposed Settlement and of a Fairness Hearing. The Court approved the form and content of the Mailed Notices directed to Class Members and the Publication Notice which were attached as Exhibits to the Agreement. The Notices informed the Class Members of the Settlement terms and that the Court would consider the following issues at the Fairness Hearing: (i) whether the Court should grant final approval of the Settlement and finally certify the Class; (ii) whether the Court should enter final judgment dismissing the Lawsuit with prejudice; (iii) whether the Court should approve the amount of attorneys' fees, costs, and expenses to be awarded to Class Counsel and the amount of Named Plaintiffs' Case Contribution Payments; and (iv) any objections by Class Members to any of the above.

In accordance with the Notice to Class Members, a Fairness Hearing was held on October 18, 2011. No objections to the Settlement Agreement were filed with the Court in advance of the Fairness Hearing. No objections were made at the Fairness Hearing.

The Court, having heard argument in support of the Settlement, certification of the Class, and appointment of Class Counsel, and having reviewed all of the evidence and other

---

("Judgment") have the same meaning as defined in the Agreement.

submissions presented with respect to the Settlement and the record of all proceedings in this case, enters the following findings:

1. The Court has jurisdiction over the subject matter and the Parties to this Lawsuit, including the Class Members,

2. The Court confirms for settlement purposes the certification of this action as a class action and the Class under Fed. R. Civ. P. 23(b)(1)(A), 23(b)(1)(B), and 23(b)(2), as consisting of:

> (i) all persons identified on the Participant List as having received a lump sum distribution from the Plan at any time on or before August 17, 2006, prior to reaching age 65 ("Listed Participants"); together with
>
> (ii) the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order ("Listed Participant Successors")

3. The Court further confirms for settlement purposes the appointment of Plaintiffs' counsel as Class Counsel under Fed. R. Civ. P. 23(g).

4. The Agreement, together with all of its exhibits (as filed with the Court), is incorporated in this Judgment.

5. On August 10, 2011, the Notice Administrator caused the Mailed Notices of Settlement to be mailed to all Class Members. On September 20, 2011, the Notice Administrator filed with the Court proof of mailing of those Notices to all Class Members (Doc. 142).

6. On August 10, 2011, the Notice Administrator caused the Publication Notice to be published in the *USA Today* on a nationwide basis. On September 20, 2011, Plaintiffs filed with the Court proof of such publication (Doc. 142).

7. Notice to the Class Members has been given in an adequate and sufficient manner and the Notices given constitute the best notice practicable under the circumstances, and were reasonably calculated to apprise interested parties of the pendency of this Lawsuit, the nature of

the claims, the definition of the Class, and their opportunity to present their objections to the Settlement. The notices complied in all respects with the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

8. In response to the 2,212 individually mailed notices (in addition to the Publication Notice), no Class Member filed an objection to the Settlement prior to the Fairness Hearing. **No** objection(s) was/were presented at the Fairness Hearing.

9. After considering (i) whether the Agreement was a product of fraud or collusion; (ii) the complexity, expense, and likely duration of the Lawsuit; (iii) the stage of the proceedings and amount of discovery completed; (iv) the factual and legal obstacles to prevailing on the merits; (v) the possible range of recovery and the difficulties of calculating damages; and (vi) the respective opinions of the Parties, including Plaintiffs, Class Counsel, Defendants, and Defendants' Counsel, the Court finally approves the Settlement including the Plan of Allocation in all respects as fair, reasonable, adequate, and in the best interests of the Class Members pursuant to Fed. R. Civ. P. 23(e). No Class Member may opt-out of the Settlement. The terms of the Agreement, including all Exhibits to the Agreement and to this Judgment, shall be forever binding on the Class Members.

10. Class Counsel have sought an award of attorney's fees, exclusive of costs and expenses, in an amount equal to 29% of the Total Settlement Amount, *i.e.*, $4,205,000, and costs and expenses in the amount of $214,268. Based on the evidence presented by Class Counsel and the entire record herein, the Court finds 29% of the Total Settlement Amount, *i.e.*, $4,205,000, and $214,268 in costs and expenses to be fair and reasonable compensation and reimbursement in light of the result obtained for the Class; the risk of non-recovery or a greatly reduced

recovery as to those Class Members receiving lump sums within six years of the date suit was filed and the very high risk of non-recovery as to Class Members receiving lump sums more than six years prior to the date suit was filed; the quality of Class Counsel's representation; the complexity of the litigation and novelty of some of the issues presented; the skill and experience of opposing counsel; the significant time and resources expended in prosecuting this action; and the percentage-of-the-fund award requested compared to the range of awards granted in similar cases in this district and this Circuit.

11. The Court recognizes that Defendants have denied and continue to deny Plaintiffs' and Class Members' claims. Neither the Agreement, this Judgment, any papers related to the Settlement, nor the fact of Settlement shall be used as a finding or conclusion of the Court, or an admission of the Defendants, or any other person, of any fault, omission, mistake, or liability, nor as evidence of Plaintiffs' lack of conviction in the validity or strength of their claims, and shall not be offered as evidence of any claimed liability in this or any other proceeding. Evidence of the Agreement and this Court's Orders approving same shall be admissible only in proceedings to enforce the Agreement or this Judgment, but not as an admission of liability in the underlying Lawsuit.

It is, therefore, ORDERED, ADJUDGED, AND DECREED that:

1. The Parties shall carry out all the terms of the Agreement, including the payment of the Individual Settlement Benefits by the Plan to the Class Members in accordance with the terms of the Agreement. The Court finds this allocation of the Net Settlement Benefit to be fair, reasonable, adequate, and in the best interests of the Class Members.

2. Releases:

    A. Each Releasor is bound by this Judgment and, as a result of it, has fully,

finally, and forever released, acquitted and discharged the Released Parties from the Released Claims. As used herein:

>"Releasors" means Plaintiffs and each Class Member, together with each of their successors, assigns, beneficiaries, estates, dependents, heirs, administrators, and executors.
>
>"Released Parties" means the Defendants, together with each of their parents, subsidiaries, and each of their affiliates, predecessors, successors, assigns, and current or former partners, principals, employees, fiduciaries, agents, advisors, consultants, attorneys, representatives, or any persons acting or purporting to act on their behalf.
>
>"Released Claims" means any and all past, present and future causes of action, claims, damages, awards, equitable, legal, and administrative relief, interest, demands or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part, the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in the Lawsuit, including but not limited to any and all "whipsaw" claims, "SPD claims," "crediting rate claims," claims seeking additional pension benefits, claims that participants are entitled to lump sum payments in excess of their notional account balances, claims relating to the availability or unavailability of lump sum payments or other benefit distributions prior to normal retirement age, claims alleging that the term Cash Balance Account as used in the Plan means something other than a participant's notional account balance, claims challenging the calculation or application of the Plan's Earnings Credit, claims relating to the conversion of the Plan to a cash balance plan, claims relating to the calculation of benefits, claims relating to the lawfulness of the Plan's Earnings Credit and interest crediting rates, claims relating to disclosures or communications relating to the Plan that Class Members did or did not receive, claims for breach of fiduciary duty, claims relating to the content of any Mailed Notice, Publication Notice, benefit election form, or related disclosure distributed in connection with this Settlement, claims that concern or relate in any way to the sufficiency or correctness of pay based credits or Earnings Credits credited to participants' accounts, benefit accruals or benefit accrual rates, lump sum distributions by the Plan, or the interest rates, mortality assumptions or actuarial factors used in calculating participants' benefits, and claims relating to the administration of Settlement or the calculation of Individual Settlement Benefits. Notwithstanding the foregoing, Released Claims do not include any individual participant's or beneficiary's claim (an "Individual Claim") based on factual errors regarding that participant's salary, age, or years of service, or other individualized circumstance, provided that Effective Notice was given by the participant. Effective Notice means individual written notice to Class Counsel and Defendants' Counsel of such claim and the grounds therefor, received no later than the deadline set by the Court for objecting to the Settlement. Any Individual Claim for which Effective

Notice was not timely provided shall be included as a Released Claim. This release is intended to be construed broadly. Notwithstanding the foregoing, Released Claims do not include a claim that seeks to enforce the obligations imposed in this Settlement.

B. Releasors, without limitation, are precluded, estopped, and forever barred from bringing or prosecuting in the future any claim or cause of action released in the preceding subparagraph and are permanently enjoined from bringing any such claim or cause of action.

C. Releasors have acknowledged that they are releasing both known and unknown and suspected and unsuspected claims and causes of action, and are aware that they may hereafter discover legal or equitable claims or remedies presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, including those with respect to the allegations and subject matters in the Lawsuit, or that concern or relate in any way to the sufficiency or correctness of lump sum distributions from the Plan, the calculation of the Earnings Credit in their individual Accounts, or the calculation of their benefits from the Plan. It is the intention of Releasors to fully, finally, and forever settle and release all such matters, and all claims and causes of action relating thereto which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in this Lawsuit). Releasors further agree that to the extent Turner amends or modifies the Plan in any way, or has amended or modified the Plan in any way since the Named Plaintiffs, Class Counsel, Defendants, and Defendants' Counsel executed the Agreement to settle this case, such an amendment or modification shall have or has had no effect on the Released Claims or in any way will limit or has limited or will modify or has modified the scope of the Release set forth in the Agreement. Releasors shall not be entitled to and waive any rights or

benefits provided by such amendments or modifications to the extent they exceed the rights or benefits provided by the Agreement. Releasors further agree that they are not, and shall not be, entitled to any benefits provided by the Plan other than those provided by this Agreement.

        D.      Releasors expressly acknowledge certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provide that a general release does not extend to claims that a creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor. Releasors expressly waive all rights related to the Plan or their benefits under the Plan under Section 1542 of the Civil Code of the State of California, which reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Releasors acknowledge that they may have claims that are covered by the terms of this Agreement that they have not yet discovered. Releasors acknowledge that they intend to release any and all such unknown or unsuspected claims arising out of Releasors' participation in the Plan or benefits under the Plan. Notwithstanding the choice of law provision in the Agreement, to the extent that California or other law may be applicable and enforceable, Releasors hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable here, are hereby knowingly and voluntarily waived and relinquished

by Releasors, and Releasors agree and acknowledge that this provision is an essential term of the Agreement and this Release.

  E. Releasors have agreed that no third-party shall bring any Released Claims on behalf of any Releasor against any Released Party. Should any third-party do so, Releasors shall take all necessary action to immediately secure the dismissal with prejudice of any such claim and will not seek or accept any monetary relief on any such claim.

  F. Nothing in this Release shall preclude any action to enforce the terms of the Agreement.

  G. This Release may be raised as a complete defense to and will preclude any action or proceeding that is encompassed by this Release. The Parties intend that the terms of this release are to be broadly construed in favor of the Released Parties and in favor of the complete resolution of all Released Claims.

  3. Except as otherwise provided in the Agreement and this Judgment, Plaintiffs and the Class Members shall take nothing in this Lawsuit and the Court hereby dismisses the claims of Plaintiffs and the Class Members against Defendants with prejudice and without costs.

  4. Class Counsel is entitled to be paid attorney's fees, exclusive of costs and expenses, in an amount equal to 29% of the Total Settlement Amount, *i.e.*, the amount of $4,205,000, and costs and expenses in the amount of $214,268, from the Total Settlement Amount to be paid in accordance with the payment terms of the Agreement.

  5. Named Plaintiffs Charles E. Moody and Timothy L. Tallentire are entitled to be paid $3,000 each from the Total Settlement Amount to be paid in accordance with the payment terms of the Agreement.

6. The Court find that with the mailing of the Class Action Fairness Notice ("CAFA") forms preliminarily approved by the Court the Defendants have complied with the notice requirements of CAFA.

7. Without affecting the finality of this Judgment in any way, this Court will retain continuing jurisdiction over all Parties and Class Members solely for purposes of enforcing this Judgment and, pursuant to it, the Settlement, and may order any appropriate legal or equitable remedy necessary to enforce the terms of this Judgment and/or the Settlement.

8. This is a final and appealable judgment.

SO ORDERED.

Dated: *Oct.*, *18th*, 2011.

_____
Sandra S. Beckwith
Senior United States District Judge